| | |
|---|---|
| ☐ County Court    X District Court<br>ARAPAHOE COUNTY, COLORADO<br>Court Address:<br>7325 S. Potomac St.,<br>Centennial, CO  80112<br><br>_____<br><br>**Ronald Root**<br>                                    **Plaintiff,**<br>**v.**<br><br>**JOSHUA MATHERNE AND SWIFT**<br>**TRANSPORTATION CO. OF ARIZONA, LLC, A**<br>**LIMITED LIABILITY COMPANY REGISTERED IN**<br>**THE STATE OF DELAWARE AND DOING**<br>**BUSINESS IN THE STATE OF COLORADO,**<br>**Defendants.**<br><br><br>                        **Defendants.** | DATE FILED: August 8, 2020 3:36 PM<br>FILING ID: 670D774F9E576<br>CASE NUMBER: 2020CV31563<br><br><br><br><br><br><br><br><br><br><br><br>▲COURT USE ONLY<br>▲ |
| **Attorney for Plaintiff:**<br>Robert F. James #20587<br>DARRELL S. ELLIOTT, P.C.<br>1600 Pennsylvania Street<br>Denver, Colorado 80203<br>Telephone:  303-863-1600<br>Facsimile:  303-863-1234<br>robert@darrellselliott.com | Case Number:<br><br><br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

        The Plaintiff, Ronald Root, by and through his attorney Robert F. James of the law firm

of DARRELL S. ELLIOTT, P.C., for his Complaint and Jury Demand states as follows:

**Parties, Jurisdiction, and Venue**

1

# EXHIBIT A

1.      At all times relevant hereto, Plaintiff, Ronald Root [Plaintiff Root or Plaintiff], is a citizen of Missouri, with a street address of 177 County Rd 4881, Poplar Bluff, MO 63901, is over the age of 18 years and otherwise sui juris in all respects.

2.      At all times relevant hereto, Defendant, Joshua Matherne [Defendant Matherne or Defendants], is a citizen of Louisiana, with a street address of 604 Sycamore St., Thibodaux, LA 70301, is over the age of 18 years and otherwise sui juris in all respects.

3.      At all times relevant hereto, Defendant, Swift Transportation Co. of Arizona, LLC [Defendant Swift Transportation or Defendants], is a limited liability company registered in Delaware, and with a principal street address of 2200 S. 75th Avenue, Phoenix, AZ 85043 and who does business in Colorado.  Defendant Swift Transportation retains a registered agent, National Registered Agents, Inc., 7700 E Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268, United States.

4.   At all times relevant hereto, this cause of action arose in the County of Arapahoe, in the State of Colorado.  Therefore this Court has subject matter jurisdiction over this action. Further, the damages alleged are in excess of the minimal jurisdictional limits of this Honorable Court.

5.      Venue is proper in this Court pursuant to C.R.C.P Rule 98  based on the location of the accident which is the subject of this litigation, having occurred at Interstate 70 at or near MP 322 in the County of Arapahoe, State of Colorado.

### GENERAL ALLEGATIONS

6.      The accident giving rise to this action occurred at Interstate 70 at or near MP 322 in the County of Arapahoe, State of Colorado, on or about August 10, 2017.

7.      At all times relevant hereto, the accident involved a tractor trailer owned and operated by Defendant Swift Transportation, which was driven with its express permission and/or knowledge and/or consent by its employee and/or agent Defendant Matherne, who was in the course and scope of his said employment and/or agency at the time of the accident.

8.      At all times relevant hereto, Plaintiff Root acted reasonably under the circumstances.

9.      At all times relevant hereto, Plaintiff Root mitigated his damages.

10.      At the time of the accident alleged herein, August 10, 2017, Plaintiff Root was a restrained driver.

11.      As a result of the accident alleged herein, Plaintiff Root has incurred reasonable and necessary medical expenses.

12.      Plaintiff Root is the proper party to bring this claim.

13.      At the date and time of the accident alleged herein, Plaintiff Root acted reasonably under the circumstances and was not comparatively at fault.

14.      At the date and time of the accident alleged herein, Defendant Matherne, who was in the course and scope of his employment and/or agency with Defendant Swift Transportation, did not face a sudden emergency.

15.      At the date and time of the accident alleged herein, the road conditions did not in any way contribute to this accident.

16.      At the date and time of the accident alleged herein, Defendant Matherne while westbound on Interstate 70, had fallen asleep while driving a 2018 Freightliner owned by Defendant Swift Transportation, causing said vehicle to collide with a guard rail.

17.     As a direct result thereof, said guardrail came to rest across westbound lane 2 of Interstate 70 and was subsequently struck by the Plaintiff, who was driving a 2001 Peterbilt tractor trailer, also on Westbound Interstate 70. The collision caused the Plaintiff to veer off the road.

18.     Defendant Matherne was charged with a violation of C.R.S. 52-4-1402(2)(b), which prohibits careless driving.

## FIRST CLAIM FOR RELIEF

### NEGLIGENCE AGAINST DEFENDANT JOSHUA MATHERNE

19.     Plaintiff Root hereby incorporates paragraphs 1 through 18 as if fully set forth herein.

20.      On or about August 10, 2017, at or near Interstate 70 at or near MP 322 in the County of Arapahoe, State of Colorado, Defendant Matherne negligently operated a Swift Transportation of Arizona, LLC 2018 2018 Freightliner tractor-trailer, Indiana License number 2529714, causing it to strike and displace a guardrail.  Plaintiff Root in turn, struck the guardrail as it was debris in the road, forcing him to swerve his vehicle, a 2001 Peterbilt, off the road.

21.     As a direct and proximate result of the negligence of the Defendant Matherne, the Plaintiff suffered injuries and damages including, but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

22.     Plaintiff's injuries, losses and damages are either permanent and/or continuing in nature.

**WHEREFORE,** Plaintiff Root sues Defendants for compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

Plaintiff requests that this Honorable Court enter judgment in his favor against Defendants for an amount to be determined by the Trial Court, together with pre and post judgment interest as provided by law, court costs, reasonable attorney's fees as provided by statute, and for the following:

    (1)    A monetary award representing a reasonable amount of compensatory damages;

    (2)    Court costs, deposition fees, expert witness fees and all other costs permitted in accordance with the recognized laws of civil procedure;

    (3)    Interest from the date of the accident; and

    (4)    Such other and further relief as this honorable Court deems just and proper.

### SECOND CLAIM FOR RELIEF

#### NEGLIGENCE *PER SE* AGAINST DEFENDANT JOSHUA MATHERNE

23.    Plaintiff Root hereby incorporates paragraphs 1 through 22 as if fully set forth herein.

24.    At the date and time of the above-described accident, Defendant Matherne was operating his vehicle in a negligent manner as described in Plaintiff's First Claim For Relief.

25.    Defendant Matherne's conduct was in violation of C.R.S. 52-4-1402(2)(b), which

prohibits careless driving.

26.     Plaintiff is within the class of individuals to be protected C.R.S. 52-4-1402(2)(b).

27.     Defendant Matherne's violation of C.R.S. 52-4-1402(2)(b) was willful and/or in reckless disregard to the safety of persons such as the Plaintiff Root.

28.     Defendant Matherne's violation of C.R.S. 52-4-1402(2)(b) was a direct and proximate cause of Plaintiff's injuries as more fully set forth above.

29.     As a direct and proximate result of the negligence of the Defendant Matherne, the Plaintiff, sustained injuries, damages including but not limited to prescriptive medication, medical services, permanent physical disfigurement disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of capacity to enjoy life.

**WHEREFORE,** Plaintiff Root sues Defendants for compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

Plaintiff requests that this Honorable Court enter judgment in his favor against Defendants for an amount to be determined by the Trial Court, together with pre and post judgment interest as provided by law, court costs, reasonable attorney's fees as provided by the statute and for the following:

(1)     A monetary award representing a reasonable amount of compensatory damages;

(2)     Court costs, deposition fees, expert witness fees and all other costs permitted in accordance with the recognized laws of civil procedure;

(3)     Interest from the date of the accident; and

(4)     Such other and further relief as this Honorable Court deems proper.

### THIRD CLAIM FOR RELIEF

#### *RESPONDEAT* SUPERIOR AGAINST DEFENDANT SWIFT TRANSPORTATION

30.     Plaintiff Root incorporates by reference paragraphs 1 through 29 as set forth above.

31.     Under the doctrine of *respondeat superior*, Defendant Swift Transportation is liable for the acts of its employee and/or agent, Defendant Matherne.

32.     As a direct and proximate result of the negligence of Defendant Swift Transportation, the Plaintiff has sustained injuries, damages including but not limited to prescriptive medication, medical services, permanent physical disfigurement disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, loss of capacity to enjoy life.

**WHEREFORE,** Plaintiff seeks compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

Plaintiff Root requests that this Honorable Court enter judgment in his favor against Defendants for an amount to be determined by the Trial Court, together with pre and post

judgment interest as provided by law, court costs, and reasonable attorney's fees as provided by the statute and for the following:

(1)    A monetary award representing a reasonable amount of compensatory damages;

(2)    Court costs, deposition fees, expert witness fees and all other costs permitted in accordance with the recognized laws of civil procedure;

(3)    Interest from the date of the accident; and

(4)    Such other and further relief as this honorable Court deems proper.

## FOURTH CLAIM FOR RELIEF

### NEGLIGENCE AGAINST DEFENDANT SWIFT TRANSPORTATION

33.    Plaintiff incorporate paragraphs 1 through 32 as if set forth fully herein.

34.    At all times relevant hereto, Defendant Matherne was an employee and/or agent of Defendant Swift Transportation.

35.    At the time of the subject accident, Defendant Matherne was operating a Swift Transportation tractor trailer while acting in the course and scope of his employment or agency with the Defendant Swift Transportation.

36.    Pursuant to the doctrine of *respondeat superior*, Defendant Swift Transportation is liable for the conduct of its employee and/or agent.

37.    Upon information and belief, at the time of the accident, Defendant Swift Transportation, through its officers, agents and/or employees, failed to establish and enforce reasonable safety rules, policies and measures to prevent foreseeable injury to other drivers on public highways including Plaintiff Root, and failed to follow rules set forth by the Federal Department of Transportation.

38.     It was the duty of Defendant Swift Transportation, through its officers, agents, and employees to establish and enforce reasonable safety-rules, policies and measures to prevent foreseeable injury to other drivers on public highways including Plaintiff Root and to make sure its drivers including Defendant Matherne complied with applicable rules of the Federal Department of Transportation.

39.     Defendant Swift Transportation breached the above duties by failing to establish and enforce reasonable safety rules, polices and measures for the operation of Swift Transportation vehicles while in service and by failing to make sure its drivers complied with applicable rules of the Federal Department of Transportation, which may be negligence *per se*.

40.     Any safety rules, policies, or measures which were adopted or used by Defendant Swift Transportation through its officers, agents, and employees were not followed and the failure to follow such safety rules, measures or policies, and those of the Federal Department of Transportation, was a cause of the accident and injuries and damages to Plaintiff, as more fully set forth above.

**WHEREFORE,** Plaintiff Root seeks compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

Plaintiff requests that this Honorable Court enter judgment in his favor against Defendants for an amount to be determined by the Trial Court, together with pre and post judgment interest as provided by law, court costs, and reasonable attorney's fees as provided by the statute and for the following:

(1)     A monetary award representing a reasonable amount of compensatory damages;

(2)     Court costs, deposition fees, expert witness fees and all other costs permitted in accordance with the recognized laws of civil procedure;

(3)     Interest from the date of the accident; and

(4)     Such other and further relief as this honorable Court deems proper.

### PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted this 8th day of August, 2020.

**DARRELL S. ELLIOTT, P.C.**

*s/Robert F. James*
Robert F. James
Attorney for Plaintiff
Darrell S. Elliott, P.C.
1600 Pennsylvania Street
Denver, CO 80203
(303) 863-1600 Phone
(303) 863-1234 Fax
E-mail:  Robert@darrellselliott.com

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original or scanned signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*

Plaintiff's Address:
177 County Rd 4881
Poplar Bluff, MO 63901